## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Mitchell Young,<br>    Plaintiff, | ) <br> ) <br> ) |
| v. | )      1:18Xcv851 (AJT/JFA) |
| | ) |
| Jeffery Newton, et al.,<br>    Defendants. | ) <br> ) |

### ORDER

Mitchell Young, a Virginia inmate proceeding pro se, has filed a civil rights action,

pursuant to 42 U.S.C. § 1983, alleging that his rights under the First Amendment have been

violated by religious practices at the Riverside Regional Jail ("RRJ"). Plaintiff has submitted an

application to proceed in forma pauperis in this lawsuit. To determine whether plaintiff qualifies

to proceed in forma pauperis, additional information will be requested from plaintiff's

correctional institution. Additionally, for the reasons stated below, this complaint does not

conform to all requirements for § 1983 civil actions, and plaintiff will be directed to provide

additional information.

District courts have a duty to construe pleadings by pro se litigants liberally; however, a

pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d

416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts

indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United

States and that this deprivation resulted from conduct committed by a person acting under color

of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have

had personal knowledge of and involvement an the alleged violation of plaintiff's constitutional

rights for the action to proceed against him.  As presented, plaintiff has not stated a claim against any of the named defendants, but because plaintiff is proceeding pro se, he will be granted an opportunity to particularize and amend his complaint.

Specifically, plaintiff states that he is an adherent of the Islamic faith, and that his rights were violated in three respects between May 16 and June 7, 2018, the month of Ramadan: (1) He was provided with Common Fare breakfast trays containing food that had not been blessed by an imam or rabbi, and were served outside the "(Fajr) salah times for those particular days which were between 4:37 a.m. - 4:21 a.m." Compl. §IV.  Plaintiff thus was constrained by his religious beliefs to forego breakfast for 21 days.  (2) Plaintiff was provided with Common Fare dinner trays  containing food that had not been blessed by an imam or rabbi, and were "dirty and cold." Additionally, the trays arrived "at least 90 minutes early" and plaintiff could not consume them because "it was still light in the sky and for obvious sanitary reasons."  (3) A volunteer imam provided Qurans to RRJ, but Chaplain Joe Collins said that inmates could only receive them at his discretion and "at no point since they arrived has the Chaplain made them available." Plaintiff alleges that as a result he is "devoid of all Islamic material."  Additionally, Chaplain Collins frequently moves the time for Jumah services on Fridays and cancelled it on one occasion. Plaintiff asserts that each of these alleged violations caused him physical, psychological and emotional damage.  He names 18 defendants, and as relief he seeks an award of $300,000,000.00 in damages.

Before this case can go forward, plaintiff must clarify the reason or reasons he has named each of the individuals he specifies as a defendant in this action.  As noted above, each defendant in a § 1983 action must have had personal knowledge of and involvement in an alleged violation

2

of the plaintiff's constitutional rights for the action to proceed against him.  West, 487 U.S. at 42.

Here, with the exception of Chaplain Collins, plaintiff includes no allegations whatever to

explain the manner in which he believes each named defendant was personally involved in the

violation of his First Amendment rights.  In deference to plaintiff's pro se status, he will be

provided with an opportunity to submit a particularized and amended complaint, in which he

should state in as much detail as possible the specific reason or reasons why he believes each

named defendant should be held liable for the harm he asserts.

Accordingly, it is hereby

ORDERED that the complaint be and is conditionally filed pending compliance with the

requirements of this Order; and it is further

ORDERED that the plaintiff is assessed a filing fee of $350.00 pursuant to 28 U.S.C. §

1914(a) and an administrative fee of $50.00; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis is conditionally granted

to the extent that plaintiff need not prepay the filing fee at this time.  Plaintiff is directed to sign

and return the attached Consent Form within thirty (30) days from the date of this Order.  If the

Court grants plaintiff in forma pauperis status, he will be required to pay the filing fee in

installments after first paying an initial filing fee, and the administrative fee will be waived; and

it is further

ORDERED that the Clerk request plaintiff's institution to provide an Inmate Account

Report Form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED that plaintiff particularize and amend his complaint using the enclosed

standardized § 1983 complaint form within thirty (30) days of the date of this Order by (1)

3

naming every person he wishes to include as a defendant; (2) submitting a short, detailed statement of background facts which describes the <u>specific conduct of each defendant</u> whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought; and (3) submitting one original amended complaint.  Plaintiff must include his civil action number, **1:18cv851 (AJT/JFA),** on the first page of his amended complaint, and this amended complaint will serve as the **sole** complaint in this civil action; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order,  a Consent Form, and a standardized 1983 complaint form to plaintiff, as well as a copy of this Order and the Inmate Account Report Form to plaintiff's current institution of confinement.

Entered this ___19th___ day of ___July_____ 2018.

Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

4